IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MEGHAN LYNNE VORCHAK,)
)
       Plaintiff,)
)
    v.) Civil Action No. 15-1317
)
CAROLYN W. COLVIN, ACTING)
COMMISSIONER OF SOCIAL SECURITY,)
)
       Defendant.)

O R D E R

AND NOW, this 28th day of September, 2016, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 13) filed in the above-captioned matter on March 25, 2016,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 11) filed in the above-captioned matter on February 24, 2016,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART.  Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects.  Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

## I. Background

Plaintiff Meghan Lynne Vorchak filed a claim for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f, and for Child Disability Benefits under 42 U.S.C. § 402(d)(1)(B), protectively effective to January 8, 2013, claiming that she became disabled on January 1, 1995, due to bi-polar disorder, anxiety disorder, obsessive compulsive disorder, arthritis, and high blood pressure. (R. 27, 112-31, 139, 144). After being denied initially on April 9, 2013, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on November 14, 2013. (R. 53-57, 58-61, 360-87). In a decision dated December 20, 2013, the ALJ denied Plaintiff's request for benefits. (R. 27-35). The Appeals Council granted review of the ALJ's decision on May 19, 2015, and, on August 12, 2015, issued a decision finding Plaintiff to be not disabled. (R. 5-18). Having exhausted her administrative remedies, Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether

the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Commissioner of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment

3

that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ....'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a),

4

416.921(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work. See 20 C.F.R. §§ 404.1520(e), 416.920(e). The claimant bears the burden of demonstrating an inability to return to his or her past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(g), 416.920(g). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the

5

cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

### III. The Commissioner's Decision

In the present case, there are actually two relevant decisions – one by the ALJ and one by the Appeals Council. The ALJ found that Plaintiff is the natural child of a wage earner, Sheryl Lee Foust, that she has never married, and that she had not attained the age of 22 as of January 1, 1995, the alleged onset date. (R. 29). The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claims for benefits. In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date of January 1, 1995. (Id.). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had several severe impairments, specifically: massive morbid obesity, hypertension, bi-polar disorder, generalized anxiety disorder, and dependent personality disorder. (R. 30). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 30-31).

The ALJ found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she is limited to routine, repetitive

tasks without a production rate pace, involving few changes and only routine decisions, and that she is required to work in a setting that is isolated from the public, with only occasional supervision and contact with coworkers. (R. 31-34). After finding that Plaintiff has no past relevant work in regard to Step Four, the ALJ moved on to Step Five. (R. 34).

At Step Five, the ALJ used a vocational expert ("VE") to determine whether or not there were a significant number of jobs in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, including sorter, machine feeder, and cleaner. (R. 34-35). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 35).

However, in seeking review of the ALJ's decision by the Appeals Council, Plaintiff argued that the ALJ failed to evaluate the opinion of her treating psychologist, Paul Bernstein, Ph.D., as well as other clinical notes, treatment records, and assessments from Dr. Bernstein. The Appeals Council granted review and issued its own decision. In that decision, the Appeals Council considered the evidence from Dr. Bernstein, but did not adopt Dr. Bernstein's opinion as to Plaintiff's functional limitations. (R. 9-10). It therefore

adopted the findings made by the ALJ and found that Plaintiff was not disabled. (R. 11-13).

IV. **Legal Analysis**

Plaintiff argues that the Appeals Council wrongly rejected Dr. Bernstein's opinion, that Dr. Bernstein's opinion is entitled to controlling weight, and that the decision of the Commissioner should be reversed and remanded for an award of benefits. While the Court agrees that this matter needs to be remanded for a more comprehensive consideration of the impact on Dr. Bernstein's opinion and treatment records, it disagrees that the record supports a reversal and remand for an award of benefits. Accordingly, the Court will remand for further consideration and discussion of Dr. Bernstein's opinion and treatment records and their impact on the weight afforded to the medical opinions in this case, the evaluation of Plaintiff's credibility, and the formulation of Plaintiff's RFC.

It is not disputed that the ALJ failed to make any mention of Exhibits 7F through 12F, which contain Dr. Bernstein's opinion and many of his treatment records, in her December 20, 2013 decision, despite the fact that these materials were part of the record before her. The Appeals Council attempted to remedy this error by issuing its own opinion in which it considered and weighed the evidence that the ALJ had neglected. However, although it addressed the missing evidence, the Appeals

Council did not take into account how this missing evidence may have impacted other findings by the ALJ, specifically the weight afforded to the opinion of the consultative examiner, Thomas Eberle, Ph.D., and her findings in regard to Plaintiff's credibility.

The Appeals Council did not address the ALJ's treatment of Dr. Eberle's opinion at all and presumably merely adopted the ALJ's findings in regard to this opinion. However, the ALJ made those findings without the benefit of Dr. Bernstein's opinion and treatment records contained in Exhibits 7F through 12F. Among the factors an ALJ must consider in weighing opinion evidence is the consistency of that opinion with the other evidence in the record, including other medical opinions. See 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). The ALJ obviously did not, in considering Dr. Eberle's opinion, consider whether it was or was not consistent with Dr. Bernstein's opinion and treatment records. Indeed, given that Dr. Eberle relied on Plaintiff's lack of psychiatric treatment and expressly limited his opinion to situations in which Plaintiff is not receiving adequate treatment (R. 275, 277-78), consideration of actual treatment notes and the opinion of a treating psychologist would be highly relevant in evaluating Dr. Eberle's opinion. The Court further notes that, although not raised by Plaintiff, neither the ALJ nor the Appeals Council considered the opinion

9

of the state reviewing agent, John Vigna, Psy.D., in weighing the other medical opinions or in formulating the RFC.[1]

Likewise, in evaluating Plaintiff's subjective claims regarding her symptoms, the ALJ was to consider, inter alia, the objective medical evidence and treatment received by the claimant. See 20 C.F.R. §§ 404.1529(c)(2) and (3)(v), 416.929(c)(2) and (3)(v). Again, because the ALJ did not consider most of the treatment records from Dr. Bernstein, he did not consider these records in evaluating Plaintiff's credibility. Since the Appeals Council merely adopted the ALJ's credibility findings with no further comment, it did not do so either. This oversight is significant here because the ALJ specifically relied on the lack of objective medical evidence in evaluating Plaintiff's credibility while overlooking the bulk of the objective evidence. (R. 32-33). Moreover, the ALJ pointed out that her testimony regarding self-injurious behavior such as cutting was not reflected in the medical evidence. (R. 32). However, Dr. Bernstein's records do reflect cutting on

---

[1] The Court does not intend to imply that the Appeals Council's treatment of Dr. Bernstein's opinion and records was necessarily adequate. It addressed only certain aspects of his opinion and did not discuss certain of his findings, such as Global Assessment of Functioning scores, at all. Moreover, much as the ALJ did not evaluate Dr. Eberle's opinion in light of Dr. Bernstein's (or Dr. Vigna's) opinion, the Appeals Council did not consider whether Dr. Bernstein's opinion was consistent with the other opinions in the record. Therefore, on remand, the Commissioner should more thoroughly and accurately evaluate Dr. Bernstein's opinion and records.

10

Plaintiff's behalf. (R. 324). A new credibility analysis based on **all** the record evidence is needed on remand.[2]

Ultimately, the piecemeal manner in which this case was decided has proven to be inadequate. Dr. Bernstein's opinion and treatment records simply could not be considered in isolation; they had to be considered in connection with the record as a whole. Those records not only needed to be addressed themselves, they potentially impacted the manner in which other record evidence would be evaluated. Remand is necessary for a more comprehensive consideration of this evidence and its impact on the findings as a whole.

As mentioned, though, the Court does not find that the record here warrants a reversal and award of benefits. Plaintiff's claim that the Appeals Council's rejection of Dr. Bernstein's opinion was based merely on her activities of daily living is overstated, as it cited also to some of Dr. Bernstein's own treatment notes. Likewise, Plaintiff's claim that Dr. Bernstein's opinion is necessarily consistent with that of Dr. Eberle is by no means clear from the record. The findings differed, on their face, in several regards. Moreover, as the Court noted, an important factor in Dr. Eberle's findings

---

[2] Plaintiff raises other issues regarding the ALJ's credibility findings, but the Court does not reach those issues and takes no position one way or the other. However, on remand, the ALJ should take Plaintiff's concerns into account in re-evaluating her credibility.

11

was Plaintiff's lack of treatment; it is certainly not clear how the records from Dr. Bernstein affect this. Likewise, as the Court stated, there is also in this case a state reviewing agent's opinion that should be considered. Therefore, the Court cannot find that substantial evidence in the record as a whole indicates that Plaintiff is disabled and entitled to benefits. See Podedworny v. Harris, 745 F.2d 210, 221-22 (3d Cir. 1984).

The ALJ was concerned about the fact that Plaintiff sought regular treatment for a condition she claims dates back to 1995 only after she had applied for benefits and attended a consultative examination. The Court understands this concern, but offers no opinion as to the weight that should ultimately be afforded to the medical opinions, to the evaluation of Plaintiff's credibility, to Plaintiff's RFC, or to the ultimate issue of whether she is disabled and, if so, when her disability began. It is the need for a more comprehensive treatment of the evidence in this case that warrants the remand.

## V. Conclusion

In short, the record does not permit the Court to determine whether the weight afforded by the Commissioner to the medical opinions in this case, and the Commissioner's evaluation of Plaintiff's credibility and formulation of Plaintiff's RFC, are supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the

Commissioner's decision in this case.  The Court hereby remands this case to the Commissioner for reconsideration consistent with this Order.

s/Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record